IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DIXIE L. TARR,

      Plaintiff,

vs.                            CASE NO.: 5:04cv395-SPM/MD

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.
_____/

## ORDER

This cause comes before the Court upon the magistrate judge's report and recommendation (doc. 19) dated June 17, 2005, recommending that the final decision of the Commissioner be affirmed. Plaintiff has been furnished a copy and she has filed objections (doc. 20). Pursuant to Tile 28, United States Code, Section 636(b)(1), I have made a de novo determination of those portions to which an objection has been made and determined that the report and recommendation should be adopted.

Plaintiff argues that the ALJ failed to meaningfully analyze the affect of Plaintiff's carpal tunnel syndrome on her ability to perform her past work or other work. The record shows, however, that the ALJ considered Plaintiff's carpal

tunnel syndrome and found that "it has been noted to be mild to moderate and apparently does not preclude her from engaging in housework, cooking and crocheting." The ALJ gave appropriate consideration to the condition given the medical record, which did not confirm that the condition in and of itself had any adverse effect on Plaintiff's ability to work. Plaintiff's own testimony about quitting her job due to carpal tunnel syndrom was inconsistent with the medical record.

Plaintiff also argues that the ALJ relied on a job description that failed to take into account the number of hours of walking or standing that was required on a regular sustained basis for the job of apartment manager. Plaintiff's own testimony at the hearing established that she had the option to sit or stand at her leisure, but that she sat for half the workday and stood or walked the other half. The job description the ALJ used (sit six to eight hours and stand two to four hours) is consistent with Plaintiff's testimony and consistent with the vocational expert's opinion of the job.

The ALJ's findings are supported by substantial evidence. Moreover, the correct legal standards were applied and the ALJ's ultimate finding that Plaintiff is not disabled is supported by substantial evidence. Accordingly, it is

ORDERED AND ADJUDGED:

1. The report and recommendation (doc. 19) to affirm the decision of the Commissioner is adopted and incorporated by reference into this order.

2. The decision of the Commissioner denying benefits is affirmed.

DONE AND ORDERED this 19th day of January, 2006.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge